# United States Court of Appeals for the Federal Circuit

---

**QUARENO COLANTONIO,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2009-7067

---

Appeal from the United States Court of Appeals for Veterans Claims in 07-0749, Judge John J. Farley, III.

---

Decided: June 1, 2010

---

SEAN A. RAVIN, Attorney at Law, of Washington, DC, argued for claimant-appellant.

MEREDYTH COHEN HAVASY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and JANE C. KANG, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, GAJARSA, and PROST, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Quareno Colantonio, a veteran who is seeking compensation for a service-connected disability, appeals from an adverse decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"). Based on the record in this case, the Veterans Court held that Mr. Colantonio was not entitled to a free medical examination in connection with his claim. Because it appears that the Veterans Court may have applied an erroneous interpretation of 38 U.S.C. § 5103A(d)(2), we vacate the judgment and remand to provide the Veterans Court an opportunity to address the issues before it under the proper interpretation of the statute.

I

Mr. Colantonio served in the United States Army from 1942 to 1945. More than 50 years later, in June 1999, he filed a claim with the Department of Veterans Affairs ("DVA") for compensation for a service-connected back injury. In support of that claim, Mr. Colantonio submitted a letter stating that he had been hospitalized in 1943 and 1947 for the same back injury, which "was never cured." A regional office of the DVA denied the claim, finding that it was not well grounded because there was no record of any in-service treatment for a back injury.

Mr. Colantonio appealed to the Board of Veterans' Appeals. In his written statement, he explained that he

injured his back during an in-service exercise requiring him to jump up and down, and that he was admitted to the hospital at that time.  At the hearing before the Board, however, Mr. Colantonio testified that he injured his back when he missed a step while getting off an airplane, at some point between 1942 and 1944, and that he spent a week in the hospital as a result.  He stated that he twisted his back again during the same period, but that he did not go to the hospital following that incident.  He added that after he left the service he was hospitalized for a back injury in 1947 or 1948.  Thereafter, Mr. Colantonio worked at a desk job for 27 years before he hurt his back again and retired on disability. The Board denied service connection, finding that the only evidence of any back injury that was incurred in service was from Mr. Colantonio's own statements, and that he lacked "competence to give a medical opinion on diagnosis or etiology of a condition."

Mr. Colantonio appealed to the Veterans Court, which granted a joint motion to remand in order to allow the DVA to obtain Mr. Colantonio's Social Security records and any additional medical records that might be available.  That remand resulted in a finding that Mr. Colantonio's medical records had been destroyed or were otherwise unavailable.  Because no new evidence was discovered, the DVA again denied service connection, and the Board affirmed that decision.

Mr. Colantonio appealed again to the Veterans Court, asserting that the DVA had improperly failed to order a medical examination pursuant to 38 U.S.C. § 5103A(d)(2) and 38 C.F.R. § 3.159(c)(4), and that the Board had failed to provide an adequate statement of its reasons for not ordering a medical examination.  The Veterans Court agreed that the Board had erred in failing to consider those provisions and failing to "articulate a basis for its

finding that the appellant was not entitled to a medical examination or opinion." Nevertheless, the court found that error to be harmless because

> the evidence of record does not indicate that his current disability may be associated with an event, injury, or disease occurring in service. . . . Even assuming that the appellant's lay testimony is sufficient to establish the occurrence of an incident or incidents during service, it cannot provide the requisite medical nexus between service and the appellant's current back disability. . . . [T]he appellant's statements do not speak to matters that are capable of lay observation, but rather opine on the etiology of his back disability. . . . A lay person is not competent to opine on matters requiring medical knowledge, such as etiology of a condition or nexus.

Moreover, the court found that Mr. Colantonio's testimony made clear that his back condition was intermittent and not continuous, thus undermining the likelihood that it was associated with an event, injury, or disease that occurred during his military service. Accordingly, the Veterans Court affirmed the denial of service connection.

## II

On appeal, Mr. Colantonio argues that the Veterans Court erred in its interpretation of section 5103A(d)(2). That statute requires the Secretary to provide a medical examination or obtain a medical opinion on behalf of the veteran if the evidence of record

> (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and

(B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but

(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

38 U.S.C. § 5103A(d)(2).

Mr. Colantonio contends that Congress required "competent evidence" to show current disability in subparagraph A, but pointedly did not require "competent evidence" to show service nexus in subparagraph B. For purposes of subparagraph B, Congress required only that the evidence "indicate[]" that the veteran's symptoms or injury "may be associated with service," a low standard that does not require the claimant to produce medically competent evidence. Therefore, Mr. Colantonio argues, his lay testimony regarding service connection for his back injury should have been sufficient to establish the nexus required by subparagraph B.

We recently addressed the same question of statutory interpretation in *Waters v. Shinseki*, 601 F.3d 1274 (Fed Cir. 2010). In that case, the appellant was diagnosed with hypertension, depression, and diabetes after leaving the service. He testified before the Board that those conditions were caused by antipsychotic drugs administered to him during service to treat schizophrenia. The Board found that the appellant's lay testimony was not "competent evidence of a nexus" between his claimed condition and his military service. On appeal from the Board's decision, the Veterans Court upheld the Board's ruling that a remand for a medical examination or opinion was not required.

On appeal to this court, Mr. Waters argued that section 5103A(d)(2) sets forth different standards for subparagraph A and subparagraph B, and that the Board had improperly applied the stricter standard of subparagraph A to the nexus determination under subparagraph B. We agreed and held that because those subparagraphs within the same statutory provision "contain different evidentiary standards . . . it would seem that Congress intended them to provide for separate, although perhaps related, evidentiary guidelines." *Waters*, 601 F.3d at 1277. Nevertheless, we held that any possible error by the Board in applying the wrong standard was harmless because, notwithstanding the Board's erroneous interpretation of subparagraph B, the Veterans Court found that Waters had not shown any factual basis for his claim. We did not interpret the Veterans Court's decision as holding that competent medical evidence is necessarily required to establish a nexus between service and a later disability.

In this case, the Veterans Court's statements—that the appellant's lay testimony "cannot provide the requisite medical nexus between service and the appellant's current back disability," and that a lay person "is not competent to opine on matters requiring medical knowledge such as etiology of a condition or nexus"—can be interpreted as meaning that a veteran's lay testimony can never be sufficient in itself to satisfy the nexus requirement in section 5103A(d)(2)(B). Such a ruling would be at odds with our decision in *Waters*. Other language in the Veterans Court's opinion suggests that the court may not have intended to adopt a rule requiring medically competent evidence in every case to establish nexus for purposes of subparagraph B. We reiterate the interpretation of subparagraph B adopted in *Waters*: that medically competent evidence is not required in every case to "indicate" that the claimant's disability "may be associated" with the

claimant's service. Of course, that is not to say that it will always be possible to establish a nexus through lay evidence, as there may be instances, such as the *Waters* case itself, in which the lay evidence falls short of satisfying the statutory standard.

Because the Veterans Court in this case did not have the benefit of the *Waters* decision and may have overstated the extent to which competent medical evidence is required to make the minimal showing of nexus required by subparagraph B, we vacate the judgment and remand to permit the Veterans Court to reconsider its harmless error analysis in light of the proper interpretation of section 5103A(d)(2).

**VACATED and REMANDED**