Citation Nr: 1138402 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 09-39 993 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a cervical spine disorder.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J. Schulman, Associate Counsel



INTRODUCTION

The Veteran had active service from May 1974 until May 1976 and from October 1976 until October 1979.

This matter comes before the Board of Veterans' Appeals (BVA or Board) from an April 2009 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Waco, Texas.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran is claiming entitlement to service connection for a cervical spine disorder. Service treatment records indicate a history of in-service head injury and a report of a three week history of neck pain. Periodic examinations indicated that his neck and spine were normal. On separation examination, however, active range of motion of the cervical spine was reduced.

In July 2009, imaging acquired at a private facility showed the presence of minimal disc protrusion at the C2-3 level, small central disc protrusion at the C4-5 level, and minimal disc bulge at the C5-6 level.

Under the VCAA, VA must provide an examination when there is (A) competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of a disability and; (B) evidence that indicates that such disability or symptoms may be associated with the claimant's active military, naval, or air service; but (C) insufficient medical evidence for VA to make a decision on the claim. 38 U.S.C.A. § 5103A(d)(2) (West 2002); 38 C.F.R. § 3.159(c)(4) (2011). In Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010) and Colantonio v. Shinseki, 606 F.3d 1378 (Fed. Cir. 2010), the Federal Circuit held that while there must be "medically competent" evidence of a current disability, "medically competent" evidence is not required to indicate that the current disability may be associated with service. Colantonio, 606 F.3d at 1382. Here, the Board finds that in order to properly adjudicate the claim, VA owes a duty to provide an examination of the neck and cervical spine.

Accordingly, the case is REMANDED for the following action:

The Veteran is to be scheduled for a VA examination of the neck and cervical spine. The examiner is to be provided with the Veteran's claims file and is to address the following:

1. List all current pathologies of the cervical spine and neck.

2. For each of the identified pathologies, state whether the disorder is related to service, to include whether in-service complaints of neck stiffness and reduced range of motion of the cervical spine were earlier manifestations of the current disorder.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).