NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACK M. FEAZEL,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7061

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 10-4077, Judge John J. Farley, III.

---

Decided: May 14, 2012

---

JACK M. FEAZEL, of West Monroe, Louisiana, pro se.

KENNETH S. KESSLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and

STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

—————————

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Jack M. Feazel appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") upholding the denial of service connection for basal cell carcinoma (skin cancer), arteriosclerotic heart disease, and a cerebrovascular accident with left-side weakness (stroke). Because the issue in this case is not within our jurisdiction to decide, we dismiss the appeal.

## BACKGROUND

Mr. Feazel was on active duty in military service from February 1945 to December 1946. His service medical records were destroyed in a 1973 fire at the National Personnel Records Center ("NPRC"). In 1993, Mr. Feazel was denied service connection for skin cancer, heart disease, and stroke, all as secondary to mustard gas exposure. In February 2008, Mr. Feazel filed a claim to reopen those claims. After the regional office denied Mr. Feazel's request to reopen, Mr. Feazel appealed to the Board of Veterans' Appeals. The Board subsequently reopened and remanded all of Mr. Feazel's service connection claims so that the regional office could request information from Mr. Feazel regarding his treatment in private hospitals for in-service exposure to mustard gas.

In response to a May 2010 letter from the regional office, Mr. Feazel provided no information regarding his treatment at private hospitals. However, he stated that after being exposed to mustard gas he was transported to the base dispensary at Camp Wolters, Texas, and remained there for two or three days before returning to training. In July 2010, the Appeals Management Center informed Mr. Feazel that any medical records from Camp Wolters would have been archived at the NPRC and would have been destroyed in the 1973 fire.

The Board subsequently denied Mr. Feazel's claims for service connection. Under 38 C.F.R. § 3.316, a veteran can establish service connection for certain diseases by proving in-service exposure to mustard gas and a diagnosis of a listed disease. The Board noted, however, that 38 C.F.R. § 3.316 does not list basal cell carcinoma, heart disease, or stroke as presumptively related to mustard gas exposure. The Board considered Mr. Feazel's contentions that his disabilities were related to mustard gas exposure but found that his statements alone were not sufficient to support his claim. *See Colantonio v. Shinseki*, 606 F.3d 1378, 1382 (Fed. Cir. 2010) (the Board may determine, after considering a veteran's lay testimony regarding etiology, that it is insufficient to show service connection). The Board also considered whether there was direct evidence of service connection. Mr. Feazel did not contend that he was diagnosed with basal cell carcinoma, heart disease, or stroke during service or within 12 months of his separation from service. In addition there was no evidence linking any of those diseases to incidents that occurred during Mr. Feazel's service. In fact, the first evidence of each of those diseases appeared decades after Mr. Feazel's separation from service. The Board therefore denied Mr. Feazel's claims for service connec-

tion.  The Veterans Court affirmed that decision on appeal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute.  This court's jurisdiction over appeals from the Veterans Court is limited to deciding the validity of a decision of the Veterans Court on a rule of law, the validity of any statute or regulation, or any interpretation of a statute or regulation relied upon by that court in making its decision.  38 U.S.C. § 7292(a), (c).  Except in cases presenting constitutional issues, this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case."  *Id.* § 7292(d)(2).

On appeal, Mr. Feazel does not contend that the Veterans Court made any error of law or failed to decide any issue correctly.  He asks only that we review the decision of the Board and render a new decision based on the record.  Such a review would require us to review factual determinations, such as the credibility of Mr. Feazel's lay evidence linking mustard gas to his current disorders.  Because reviewing factual determinations is not within the jurisdiction assigned to us under 38 U.S.C. § 7292, we cannot provide him with the relief he seeks.  We therefore dismiss this appeal as outside the scope of our jurisdiction.

No costs.

**DISMISSED**