Opinion for the court filed by Circuit Judge TARANTO.
Dissenting opinion filed by Circuit Judge REYNA.
TARANTO, Circuit Judge.
Joseph Dellosa, a veteran of the United States Navy, seeks a medical examination from the Department of Veterans Affairs in conjunction with his claim for service-connected disability benefits. Both the Board of Veterans’ Appeals and the Court of Appeals for Veterans Claims determined that Mr. Dellosa was not entitled to a VA medical examination and denied his benefits claim on the merits. We conclude that the Veterans Court, like the Board, may well have applied an incorrect legal standard under the statute that provides for medical examinations in specified circumstances as part of the VA’s duty to assist a claimant, 38 U.S.C. § 5103A(d)(2). We vacate the Veterans Court decision and remand for reconsideration using the correct standard.
*1008 Background
Mr. Dellosa served in the Navy for a few months in 1984 before being discharged for failing to “adapt to the naval environment.” In April 2006, he filed a claim for benefits based on an allegation of disability caused by service-connected depression. He contended that he had been “exposed to a lot of traumatic events as a recruit” and experienced symptoms like “intense fear, helplessness, and ... insomnia” as a result. The regional office denied his claim in December 2006. When he appealed to the Board, he specified that he was relying on bipolar disorder.
The Board held a hearing in November 2010. Mr. Dellosa testified that problems with his bipolar disorder began in basic training, and he gave examples. He asserted that his bipolar disorder was related to his Navy service because he had been “br[o]k[en] down,” which “brought up anger and hostility ... that [he] never thought [he] had,” and he “came out as a different ... person,” with his life “turned ... upside down.”
In February 2011, the Board issued a decision finding that the Secretary’s duty to assist had been satisfied and that Mr. Dellosa had failed to establish an entitlement to benefits on the merits. As part of the duty-to-assist analysis, the Board considered whether it was appropriate to have denied Mr. Dellosa a medical examination under 38 U.S.C. § 5103A(d). The Board stated that an examination is proper only when, among other things, there is “an indication that the current disability may be related to” in-service events, and it found “no competent evidence of record to support a finding that the Veteran’s bipolar disorder is related to service.” The Board explained that, although Mr. Dello-sa had “provided statements that his bipolar disorder is related to service,” “the record is silent for a nexus between [his] current disabilities and his active service” because “he is not competent to provide evidence of a diagnosis or etiology of a condition.” On the merits, the Board held that “the preponderance of the evidence [wa]s against the claim for service connection for a bipolar disorder disability.”
The Veterans Court affirmed. With respect to Mr. Dellosa’s request for a medical examination, the court found no error in the Board’s determination that 38 U.S.C. § 5103A(d)(2)(B) “was not met.” The Veterans Court repeated the Board’s finding that ‘“the record is silent for a nexus between [Mr. Dellosa’s] current disabilities and his active service,’ ” while also acknowledging that there were “symptoms Mr. Dellosa state[d] he experienced in service and ... ascribe[d] to his later-diagnosed bipolar disorder.” Mr. Dellosa appeals, arguing that the denial of a VA medical examination was based on a misinterpretation of 38 U.S.C. § 5103A(d).
Discussion
A pair of 2010 decisions — Waters v. Shinseki, 601 F.3d 1274 (Fed.Cir.2010), and Colantonio v. Shinseki, 606 F.3d 1378 (Fed.Cir.2010) — explain the proper inquiry for determining whether a veteran is entitled to a medical examination under 38 U.S.C. § 5103A(d)(2) and guide our analysis here. After confirming our jurisdiction, we conclude that the Veterans Court may well have held Mr. Dellosa to an improperly high standard (in adopting the Board’s analysis). We therefore vacate and remand.
A
Our jurisdiction is limited by statute but includes review of “any interpretation” of “any statute or regulation” that was relied on in the decision on appeal. 38 U.S.C. § 7292(a). Under that authority, we have explained that whether the Veterans Court *1009 misinterpreted the governing statutory-provisions is within our jurisdiction to review. Waters, 601 F.3d at 1276. That is so even though we have characterized the inquiry under 38 U.S.C. § 5103A(d)(2) as factual after rejecting any allegation of legal error in the standard that was applied. See, e.g., DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed.Cir.2008); Wells v. Principi, 326 F.3d 1381, 1384 (Fed.Cir.2003). At oral argument, the government recognized our jurisdiction to decide if the Veterans Court misinterpreted section 5103A(d)(2):
THE COURT: [W]e don’t lack jurisdiction here any more than we did in Waters or Colantonio to say that when the Board uses the term “competent evidence,” which is a term in the first requirement and it’s not a term in the second requirement, that it may well have confused what’s required for the second element.
A: Certainly, if the extent of Mr. Dello-sa’s argument is simply that the law was misinterpreted — and that’s it — when it comes to 5103A(d)(2), that’s a legal question. That the court can review.
Oral Argument at 13:52-14:49.
B
The duty-to-assist statute, 38 U.S.C. § 5103A(d)(2), provides:
The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim ... if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—
(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
(B) indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service; but
(C)does not contain sufficient medical evidence for the Secretary to make a decision on the claim.
We have held that subparagraphs A and B, because of their different language, set different evidentiary standards: “competent” evidence is needed under A, but “medically competent evidence is not required in every case to ‘indicate’ that the claimant’s disability [or symptoms] ‘may be associated’ with the claimant’s service” under subparagraph B. Colantonio, 606 F.3d at 1382; see also Waters, 601 F.3d at 1277.
Based on that difference, we identified an apparent erroneous interpretation of section 5103A(d)(2) in both Waters and Colantonio. In Waters, we concluded that the Board’s findings of “‘no competent evidence of a nexus’ ” and “ ‘no competent medical evidence or record’ showing the necessary nexus” “appeared to use the evi-dentiary standard in subsection A in applying subsection B[,] thus subjecting the veteran to a more onerous standard of proof than the statute provides.” 601 F.3d at 1277. But we held that the error was harmless because we interpreted the Veterans Court to have found that the veteran’s own “conelusory statements regarding causation were insufficient” to meet sub-paragraph (d)(2)(B). Id. at 1277-79.
In Colantonio, we reviewed statements from the Veterans Court that “lay testimony ‘cannot provide the requisite medical nexus between service and the appellant’s current back disability,’ and that a lay person ‘is not competent to opine on matters requiring medical knowledge such as etiology of a condition or nexus.’ ” 606 F.3d at 1381. We determined that those assertions could “be interpreted as meaning that a veteran’s lay testimony can never be *1010 sufficient in itself to satisfy the nexus requirement in section 5103A(d)(2)(B),” which would be incorrect. Id. at 1381-82. Because the Veterans Court “may have overstated the extent to which competent medical evidence is required to make the minimal showing of nexus required by sub-paragraph B,” we vacated and remanded for reconsideration “in light of the proper interpretation of section 5103A(d)(2).” Id. at 1382.
We reach the same conclusion and follow the same course here that we did in Colan-tonio. The Board acknowledged Mr. Del-losa’s “statements that his bipolar disorder is related to service” but held that there was “no competent evidence of record” to support such a finding under section 5103A(d)(2)(B). Because Mr. Dellosa “is not competent to provide evidence of a diagnosis or etiology of a condition,” the Board explained, the record was “silent” on the subparagraph B question. The Veterans Court similarly acknowledged Mr. Dellosa’s testimony, but repeated the Board’s finding of a “silent” record in affirming the Board’s (d)(2)(B) determination.
Those decisions “can be interpreted as” resting on “a rule requiring medically competent evidence” under subparagraph B. Colantonio, 606 F.3d at 1382. Neither decision labels Mr. Dellosa’s testimony that “his bipolar disorder is related to service” as conclusory. By finding that those lay statements say nothing about the required connection to service under sub-paragraph B simply because Mr. Dellosa “is not competent” to provide medical testimony, the Board appears to have misinterpreted the relevant standard. The Veterans Court did not identify error in the Board’s analysis or ask whether it was harmless, Waters, 601 F.3d at 1277-79; on the contrary, the court reaffirmed the Board’s conclusion. In these circumstances, a remand for reconsideration is warranted to be certain that Mr. Dellosa is not held to “a more onerous standard of proof than the statute provides.” Id. at 1277.
Our conclusion is not altered by the fact that Mr. Dellosa’s lay testimony was later assessed on the merits of the service-connection question and found, in the absence of a VA medical examination, to be “outweighed” by other evidence “showing no relationship between the Veteran’s current bipolar disorder and service.” The duty-to-assist statute allows for medical examinations in order to help with the merits decision, and the merits analysis conceivably could be altered by the results of a VA medical examination. Moreover, a finding that Mr. Dellosa’s testimony was “outweighed” by other evidence is not the same as a finding that his testimony was entitled to no weight and that the record was thus “ ‘devoid of any evidence’ ” on the (d)(2)(B) issue. Waters, 601 F.3d at 1277. How the medical examination question is decided under the correct standard is not for us to say.
CONCLUSION
We vacate the Veterans Court’s decision and remand for application of the correct statutory standard.
VACATED AND REMANDED.