﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 200519-85224
DATE: September 29, 2020

ORDER

Service connection for Parkinson's Disease is denied. 

FINDING OF FACT

The weight of the evidence does not indicate that the Veteran’s current Parkinson’s disease is caused by his military service to include exposure to herbicide agents.

CONCLUSION OF LAW

The criteria for service connection for Parkinson’s disease have not been met. 38 U.S.C. §§ 1110, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1963 to July 1965. This matter is on appeal from a May 2020 rating decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the service connection claim for Parkinson’s disease, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Veteran is currently seeking service connection for Parkinson’s disease as a result of his military service, to include exposure to herbicide agents during active duty. 

To establish service connection for a present disability, there must be: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection for certain chronic diseases, including neurogenic disorders, may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309(a). Although the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).

For purposes of establishing service connection for a disability resulting from exposure to herbicide agents, a veteran who had active military, naval, or air service in the Republic of Vietnam during the Vietnam Era, beginning on January 9, 1962, and ending on May 7, 1975, will be presumed to have been exposed to an herbicide agent during that service, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C. § 1116 (f); 38 C.F.R. §§ 3.307 (a), 3.309(e). 

Under the newly enacted Blue Water Navy Act (BWN), VA will presume that a veteran who served in or near the Korean Demilitarized Zone (DMZ), during the period beginning on September 1, 1967, and ending on August 31, 1971was exposed to herbicide agents.

The Board notes that the Veterans Benefits Act of 2003, codified at 38 U.S.C. § 1821, specified that a veteran of covered service in Korea is any individual who served in or near the DMZ, as determined by the Secretary in consultation with the Secretary of Defense. Thus, 38 C.F.R. § 3.307(a)(6)(iv) was revised to include the presumption of herbicide exposure for veterans who served in specific units determined by the DOD. However, the limitation that the presumption applied only to veterans who served in specific units as determined by the DOD was removed in the BWN Act. As such, 38 U.S.C. § 1116B (Public Law 116-91) appears to be a liberalizing law and provides a presumption of herbicide exposure for veterans who served in or near the Korean DMZ from September 1, 1967 to August 31, 1971, and the requirement in 38 C.F.R. § 3.307(a)(6)(iv) that the veteran served in a specific unit as determined by DOD appears to be no longer necessary for the presumption to apply.

Parkinson’s disease is on the list of diseases for which presumptive service connection can be awarded if the evidence indicates exposure to an applicable herbicide agent. 38 C.F.R. §§ 3.307 (a)(6), 3.309(e).

In support of his claim, the Veteran submitted a private treatment record dated April 2019 showing that he has been diagnosed and is being treated for Parkinson’s disease. His military personnel record also shows that the Veteran served in Kimpo, Korea, which is proximate to the DMZ between January 4, 1964 to January 11, 1965. While the Veteran has a clear diagnosis of a disability under 38 C.F.R. § 3.309(e) and service in Korea near the DMZ, his period of service is outside the presumptive period. Therefore, the Veteran’s service connection claim may not prevail on a presumptive basis. He is, however, not precluded from establishing service connection on a direct basis under Combee v. Brown, 34 F.3d 1039, 1041-42 (Fed. Cir. 1994).

The Veteran’s service treatment records were silent for any complaints or diagnosis attributable to Parkinson’s disease. His separation examination in April 1966 did not report any clinical abnormalities suggestive of a neurological condition or specifically Parkinson’s disease. 

Post service treatment records clearly show a diagnosis of Parkinson’s disease. April 2019 private treatment notes indicate that the Veteran had been seen for treatment. His symptoms have included abnormal gait due to rigidity and alteration in personality. It was previously noted in an April 2018 private treatment record that his symptoms had a sudden onset. Private treatment records from October 29, 2019 show that the Veteran has a current diagnosis of Parkinson’s disease.

Under applicable law, a medical examination and/or opinion is deemed “necessary” if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability; (2) establishes that the veteran suffered an event, injury, or disease in service, or has a disease or symptoms of a disease listed in 38 C.F.R. §§ 3.309, 3.313, 3.316, and 3.317 manifesting during an applicable presumptive period, provided the claimant has the required service or triggering event to qualify for that presumption; and (3) indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability. 38 C.F.R. § 3.159 (c)(4).

Under the Veterans Claims Assistance Act (VCAA), VA must provide an examination when there is (A) competent evidence of a current disability (or persistent or recurrent symptoms thereof) that (B) may be associated with service, but (C) there is insufficient medical evidence to make a decision on the claim. 38 U.S.C. § 5103A(d). The Federal Circuit has addressed the appropriate standard to be applied in determining whether an examination is warranted under this statute. In Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010) and Colantonio v. Shinseki, 606 F.3d 1378 (Fed. Cir. 2010), the Federal Circuit held that while there must be competent evidence of a current disability, competent evidence is not required to indicate that the current disability may be associated with service. Colantonio, 606 F.3d at 1382; Waters, 601 F.3d at 1277. On the other hand, a conclusory generalized lay statement suggesting a nexus between a current disability and service would not suffice to meet the standard of subsection (B), as this would, contrary to the intent of Congress, result in medical examinations being “routinely and virtually automatically” provided to all veterans claiming service connection. Waters, 601 F.3d at 1278-1279.

While there is competent evidence of a current disability, there is no indication that the Veteran’s Parkinson’s disease may be associated with service. As such, an examination is not required.

In the absence of any competent and probative evidence of record indicating that the Veteran’s current Parkinson’s disease may be associated with his service at the time of the AMA rating decision on appeal, there was no pre-decisional error in the duty to assist the Veteran with respect to obtaining a VA examination. Therefore, the Board must find that the preponderance of the evidence is against the Veteran’s claim and the appeal is denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102. 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Yeh, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.