**William F. ALLEN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7199.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 16, 2001.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, filed a response for claimant-appellant. With him on the brief was Stephen L. Purcell.

Michael S. Dufault, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for respondent-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, NEWMAN, MICHEL, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, and DYK, Circuit Judges.

Dissenting opinion filed by Circuit Judge CLEVENGER, in which Circuit Judges LOURIE, RADER, GAJARSA, and DYK join.

### ORDER

This case was argued before a panel of the court on November 3, 2000, and the court's decision and judgment were issued on February 2, 2001. The Secretary of Veterans Affairs filed a combined petition for panel rehearing and rehearing en banc and William F. Allen, by invitation of the court, filed a response.

The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are in regular active service. A poll of the judges in regular active service was conducted to determine whether the appeal should be reheard en

banc. Upon consideration thereof, IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on October 23, 2001.

CLEVENGER, Circuit Judge, with whom Circuit Judges LOURIE, RADER, GAJARSA, and DYK join, dissenting.

I respectfully dissent from the court's order denying en banc reconsideration of this case, the decision in which is reported at 237 F.3d 1368 (Fed.Cir.2001).

Before 1990, veterans were entitled by law to compensation for a disability resulting from personal injury or disease incurred in the line of duty, and for aggravation of a preexisting injury suffered or disease contracted in the line of duty. Compensation under that law, however, was prohibited when a claimed disability was "the result of the veteran's own willful misconduct." Under that law, "primary" alcohol abuse disabilities, such as alcoholism itself, were barred from compensation. "Secondary" alcohol abuse disabilities, such as sclerosis of the liver, however, were not so barred.

Thus, before 1990, the basic compensation statute barred compensation if the "disability is a result of the veteran's own willful misconduct." In 1990, after "misconduct" Congress added the words "or abuse of alcohol or drugs" in the otherwise unchanged basic compensation statute. Thus, after 1990, the basic compensation statute denies compensation to a veteran if the claimed disability or aggravation of a preexisting disability is the "result of the veteran's ... abuse of alcohol or drugs."

Even though the statute now reads on its face to prevent compensation when a disability (such as veteran Allen's alcoholism) is the result of a veteran's abuse of alcohol, and to prevent compensation for

aggravation of a preexisting disability, such as PTSD, when the aggravation results from a veteran's abuse of alcohol, the court finds room in the 1990 provision to compensate those veterans who suffer the effects of involuntarily acquired alcoholism. Hereafter, a veteran who turns to alcohol (or drugs) to alleviate pain from a service-connected disability, such as PTSD in this case, and ends up in the depths of alcoholism, may be entitled to compensation, according to the decision in this case. Not all such veterans, however, will be entitled to compensation. Those who "voluntarily" abuse alcohol will be denied compensation, but those who "involuntarily" abuse alcohol are entitled to recover, on the theory that they had no choice but to turn to alcohol for relief. As the opinion of the court in this case repeatedly states, it is the "willful" consumer of alcohol who may not be compensated, whereas the non-willful, involuntary consumer of alcohol, will be compensated for the disability of alcoholism. In this particular case, veteran Allen thus may be compensated for his alcoholic condition, if he can show that his alcoholism is involuntary and thus not willful. He also may be able to gain compensation for the aggravation of his PTSD that he claims has been caused by his alcoholism. Commendably, veteran Allen has successfully fought his alcoholism by abstinence from drink. However, he asserts that he is experiencing conflict when sober, since the stress he confronts at work increases his desire to drink, and thus threatens his ability to remain sober. In short, his stress is compounded by alcoholism held in check by sobriety.

I think that Congress in 1990 meant to bar all compensation to veterans when voluntary abuse of alcohol or drugs results in disability or aggravated disability. Abuse of alcohol was willful misconduct before 1990, but Congress decided that the willful misconduct restriction was insufficient to

preclude compensation where abuse of alcohol or drugs is involved. Surely the 1990 amendment must prohibit compensation when willful abuse of alcohol (or drugs) is not present, for why else would Congress have added the words "abuse of alcohol or drugs" to the statute without the qualifying word "willful?"

In sum, I think that the court's reading of the current compensation statute is wrong. We err in failing to decide this case in banc, and our failure compels me to dissent respectfully.