**Patrick S. CRUISE, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 02–3188.

United States Court of Appeals, Federal Circuit.

DECIDED: July 14, 2003.

Before MAYER, Chief Judge, CLEVENGER and BRYSON, Circuit Judges.

PER CURIAM.

Patrick S. Cruise seeks review of the December 31, 2001, decision of the Merit Systems Protection Board, No. AT0752010180–I–2, sustaining the Department of the Treasury's removal action. Because substantial evidence supports the board's findings that Cruise exhibited unacceptable conduct; and was absent without approved leave, removal was reasonable; and because Cruise failed to establish his affirmative defenses, we *affirm.*

Cruise was employed as a criminal investigator with the United States Secret Service. Effective November 24, 2000, Treasury removed him from his position based on two charges: (1) unacceptable conduct—disregarding Duty Agent responsibilities, and (2) absence without approved leave. Cruise appealed to the board, as-

serting the affirmative defenses of reprisal for whistleblowing activities under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b), and retaliation for prior Equal Employment Opportunity ("EEO") activity. The board sustained Cruise's removal, and determined that he failed to establish his affirmative defenses.

We must affirm the decision of the board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Cruise argues that the board ignored pertinent facts and evidence, and improperly weighed testimonial evidence in the government's favor. Cruise points to no specific evidence that the board failed to consider, and essentially challenges the board's credibility determinations, which we review with deference. The board made specific findings of fact based on witness testimony and affidavits from a number of Cruise's co-workers. Credibility determinations are virtually unreviewable, *Hambsch v. Department of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986), and the record amply supports the board's findings based on those determinations.

 Cruise challenges the board's determination that he failed to establish a claim of whistleblowing retaliation. He has the burden of demonstrating that he made a protected disclosure, *LaChance v. White,* 174 F.3d 1378, 1380 (Fed.Cir.1999), and that the disclosure contributed to Treasury's decision to remove him, *see Willis v. Department of Agriculture,* 141 F.3d 1139, 1143 (Fed.Cir.1998). He failed to meet that burden because he provided no credible evidence that he disclosed his complaint about his supervisor's alleged misconduct to anyone other than his supervisor. Complaints made to supervisors re-

garding their own alleged wrongdoing do not constitute protected disclosures under the WPA. *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1350 (Fed.Cir.2001). Thus, the board correctly determined that Cruise's complaint was not a protected disclosure under the WPA.

Finally, Cruise challenges the board's determination that he failed to establish retaliation for prior EEO activity. In order to establish reprisal as an affirmative defense, Cruise must establish that: (1) he engaged in a protected activity; (2) the accused official knew of the protected activity; (3) the adverse action under review could, under the circumstances, have been retaliation; and (4) there was a genuine nexus between the retaliation and the adverse action. *See Webster v. Dep't of the Army,* 911 F.2d 679, 689 (Fed.Cir.1990). Substantial evidence supports the board's determination because Cruise did not establish a nexus between any motive to retaliate and the adverse action appealed.