# United States Court of Appeals for the Federal Circuit

---

**GROVER MARTIN,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7097

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0375, Judge Alan G. Lance, Sr.

---

Decided: August 5, 2014

---

GROVER MARTIN, of Mobile, Alabama, pro se.

TARA K. HOGAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent appellee. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, SCOTT D. AUSTIN, Assistant Director, and KIMBERLY I. KENNEDY, Trial Attorney. Of counsel on the brief was MICHELLE D.D. BERNSTEIN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was JEFFREY D. KLINGMAN, Trial Attorney.

ALLISON B. JONES, Williams & Connolly LLP, of Washington, DC, argued for court-appointed amicus curiae Kannon K. Shanmugam. With her on the brief was KANNON K. SHANMUGAM.

————————————

Before NEWMAN, CLEVENGER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Grover Martin, a veteran of the United States Army, applied for educational-assistance benefits under 38 U.S.C. § 3011. The Board of Veterans' Appeals denied the application, concluding that Mr. Martin was ineligible for benefits under section 3011 because the basis for his honorable discharge in 1990 constituted "willful misconduct" as a matter of law. The Court of Appeals for Veterans Claims affirmed. *Martin v. Shinseki*, No. 11-0375, 2013 WL 931950 (Vet. App. Mar. 11, 2013).

It is undisputed that the officially declared reason for Mr. Martin's discharge was "alcohol rehabilitation failure." But "alcohol rehabilitation failure" cannot be said always to constitute or result from willful misconduct, regardless of circumstances. And neither the Board nor the Veterans Court made any determination of what particular conduct by Mr. Martin constituted misconduct, engaged in with the state of mind required for willfulness, that led to the rehabilitation-failure determination. In the absence of such findings, the denial of benefits cannot be upheld without reliance on an incorrect rule of law that alcohol rehabilitation failure always results from willful misconduct. Accordingly, we vacate the decision below. If the Secretary continues to deny the requested education benefits, the Veterans Court must further remand for inquiry into what if any willful conduct led to the rehabilitation failure in Mr. Martin's individual case.

BACKGROUND

From January 1988 to April 1990, Mr. Martin served on active duty in the United States Army. When he sought treatment from the Army's substance-abuse program during his service, a doctor working in the program diagnosed him with alcohol dependence. In August 1989, Mr. Martin started alcohol-rehabilitation counseling, which evidently was not successful. On April 27, 1990, the Army honorably discharged him. As the Secretary agrees, the officially stated reason—which modified an initial statement, "alcohol abuse–rehabilitative failure"—was simply "alcohol rehabilitation failure." Amicus App. 18-19.[1]

After his discharge, Mr. Martin applied to the Department of Veterans Affairs for educational-assistance benefits under Chapter 30, Title 38, of the United States Code.[2] In August 2008, the VA's Atlanta regional office denied his application.

Mr. Martin appealed the denial of his application to the Board of Veterans' Appeals, where he argued that he qualified for education benefits under 38 U.S.C. § 3011. That section authorizes "basic educational assistance" for

---

[1] "Amicus App." refers to the appendix to the opening brief filed by the attorney that this court appointed as an amicus curiae to support Mr. Martin's position. The court thanks appointed counsel and his co-counsel for commendably developing the position in briefs and at oral argument.

[2] We have no occasion to examine whether Mr. Martin met regulatory requirements regarding the period of eligibility for education assistance. *See* 38 C.F.R. §§ 21.7050, 21.7051. The Secretary did not raise an objection here or before the Veterans Court, and it has therefore waived such an objection.

veterans in various circumstances. The only provision invoked here authorizes benefits for a veteran who was discharged or released from active duty for certain reasons, including a service-connected disability, a medical condition that preexisted his service, hardship, or "a physical or mental condition that was not characterized as a disability and did not result from the individual's own willful misconduct but did interfere with the individual's performance of duty." *Id.* § 3011(a)(1)(A)(ii). Mr. Martin argued to the Board that his discharge for "alcohol rehabilitation failure" was for a physical or mental condition that (a) was not the result of willful misconduct but (b) interfered with the performance of his duties.

The Board denied his application for education benefits in September 2009. The Board began by stating that Mr. Martin "was discharged due to alcohol abuse–rehabilitative failure." Amicus App. 13. That statement mistakenly cited the initial reason for discharge, which had been superseded by "alcohol rehabilitation failure." The Board then cited the regulation that defines willful misconduct, 38 C.F.R. § 3.1(n) ("*Willful misconduct* means an act involving conscious wrongdoing or known prohibited action. . . . It involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences."). Amicus App. 13. "Additionally," the Board said, "the law generally precludes compensation for primary alcohol and drug abuse disabilities." *Id.* Without more, the Board concluded: "The record *thus* indicates that the Veteran was discharged for alcohol abuse, *which is characterized as* willful misconduct." *Id.* (emphases added).

The Board never discussed any specific acts by Mr. Martin, much less evidence that such specific acts amounted to willful misconduct. The discussion was entirely generic to "alcohol abuse" (which was not even the official reason for Mr. Martin's discharge). Indeed, the Board twice noted that it was deciding an issue of law,

not case-specific fact. *Id.* at 12 ("the issue presented is one of statutory interpretation and/or the claim is barred as a matter of law"); *id.* at 14 ("As the disposition of this claim is based on the law, and not the facts of the case, the claim must be denied based on a lack of entitlement under the law.").

Mr. Martin appealed to the Veterans Court, which affirmed. The court correctly identified "alcohol rehabilitation failure" as the final, official reason for discharge. *Id.* at 2. The court then (partly) quoted the Board's "[t]he record thus indicates . . ." sentence about alcohol abuse and stated that Mr. Martin "neither argued nor demonstrated that the Board's finding is 'clearly erroneous.'" Amicus App. 4. The court added that the Board's "the law generally precludes . . ." sentence about alcohol disabilities was "correct." *Id.* Like the Board, the Veterans Court did not discuss any specific acts by Mr. Martin.

Mr. Martin appeals, invoking this court's jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

The claim before us is that the Veterans Court committed a legal error in affirming the Board's conclusion that Mr. Martin's discharge rested on "willful misconduct" under 38 U.S.C. § 3011(a)(1)(A)(ii), without specific inquiry into or findings about Mr. Martin's individual conduct relating to his "alcohol rehabilitation failure." We have jurisdiction to review this claim of legal error. And we conclude that there was legal error.

## A

Our jurisdiction, limited by statute, includes review of "any interpretation" of "any statute or regulation" that was relied on in the decision on appeal. 38 U.S.C. § 7292(a). We have jurisdiction to determine whether the Veterans Court misinterpreted the governing statutory provisions. *Waters v. Shinseki*, 601 F.3d 1274, 1276 (Fed.

Cir. 2010). This jurisdiction allows us to determine whether a Veterans Court decision may have rested on an incorrect rule of law, *Colantonio v. Shinseki*, 606 F.3d 1378 (Fed. Cir. 2010), and, moreover, to determine that the correct rule of law requires factual determinations missing from the Board's decision (and perhaps further factual development), thus precluding Veterans Court affirmance of the Board's decision, *Hensley v. West*, 212 F.3d 1255, 1263-64 (Fed. Cir. 2000).

Here, although the Veterans Court never expressly stated an interpretation of section 3011(a)(1)(A)(ii), its decision necessarily rests on the proposition that a determination of willful misconduct based on alcohol rehabilitation failure requires no inquiry into, or determinations of, the claimant's particular conduct leading to the discharge for such failure. The Board, as finder of fact, made no such inquiry or determinations, and of course neither did the Veterans Court. Indeed, the Board declared that it was making a legal determination—about "alcohol abuse–rehabilitative failure"—and did not make findings about, or even directly address, the final official reason for discharge, namely, "alcohol rehabilitation failure." The Veterans Court, in affirming, thus had no findings before it about Mr. Martin's particular conduct leading to his alcohol rehabilitation failure.

The claim before us is that it is legal error to rule that willful misconduct is present without an inquiry into and findings about the particular conduct leading to alcohol rehabilitation failure. That claim presents a legal question we may review.

## B

We agree with Mr. Martin's claim of legal error. The Secretary himself nowhere asserts that alcohol rehabilitation failure is always based on willful misconduct regardless of particular circumstances. In any event, we

conclude that it is not, and that inquiry is required into the individual's conduct leading to the failure.

The phrase "willful misconduct," in its ordinary meaning, entails three requirements for the Board to find the phrase applicable. The Board must identify *conduct*; the identified conduct must be *mis*conduct; and the identified misconduct must be *willful*. Although Congress may of course give the phrase a special defined meaning, we see no basis for finding a special meaning here.

It is undisputed that a Veterans Affairs regulation, 38 C.F.R. § 3.1(n), applies to this case. The regulation says that "[*w*]*illful misconduct* means an act involving conscious wrongdoing or known prohibited action" and adds: "It involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences." The three ordinary-meaning requirements, plus an elaboration of what "willful" means, are contained in this definition. *See Allen v. Principi*, 237 F.3d 1368, 1378 (Fed. Cir. 2001) ("[T]he VA [has] construed the term . . . to refer to an act of conscious wrongdoing, involving elements of intent and voluntariness.") (citing 52 O.G.C. Prec. Op. 215, 216 (May 23, 1928); 66 O.G.C. Prec. Op. 270, 272 (Feb. 26, 1931)).

It cannot be said that "alcohol rehabilitation failure" always constitutes or results from willful misconduct so understood. "Alcohol rehabilitation failure" might not even refer to conduct at all, but simply to a state of affairs—namely, a state of mind at the end of a rehabilitation program that was not the desired one. In any event, the phrase does not imply that Mr. Martin took any action he should not have, or failed to take any action that he should have, that led to the undesired end state. People fail at many things despite their best efforts. We have been shown no basis for denying that rehabilitation from a psychological dependence on alcohol can be one of them.

An Army regulation quoted by the Secretary distinguishes a state of mind from conduct in this setting. It makes clear that one reason a soldier can be deemed to have failed the Army's rehabilitation program is a mental state, namely, lack of "motivation to overcome alcohol . . . abuse problems," which the regulation lists separately from "[f]urther incidents of alcohol . . . abuse" and "[c]onduct [or] duty performance." Army Reg. 600-85, ¶ 8-13. Here, moreover, the Secretary argues that Mr. Martin failed rehabilitation counseling "for lack of motivation to abstain from alcohol," Appellee's Suppl. Br. 3-4, quoting a document as indicating that he was "disenrolled for lack of motivation of abstinence," *id.* App. 10 (record of proceedings from the Army Board for Correction of Medical Records, referring to a "memorandum" from Mr. Martin's commander).

Without more, a finding of an unsuccessful attempt at rehabilitation addresses only a mental state, not misconduct, or willful misconduct. During his alcohol rehabilitation, Mr. Martin could have complied with every directive and taken every required action, yet still have been judged to have failed because he did not get his mind right—he ended the program dependent on alcohol and unmotivated to forgo it. Such mental states are obviously associated with certain conduct, but the association is not a necessary one, and they are in fact distinct, as the Supreme Court made clear half a century ago in striking down "a statute which makes the 'status' of narcotic addiction a criminal offense" rather than punishing associated conduct—*i.e.*, "punish[ing] a person for the use of narcotics, for their purchase, sale or possession." *Robinson v. California*, 370 U.S. 660, 666 (1962).

The distinction matters because, once the focus turns to specific conduct, it must be determined not just that the conduct was *mis*conduct but that it was "willful" under the standard of "conscious wrongdoing or known prohibited action." 38 C.F.R. § 3.1(n). The question is a

substantial one even as to the most likely form of associated behavior—namely, continued harmful drinking, which might be labeled alcohol *abuse* (though terminology in this area does not seem stable or uniform). We do not ourselves draw conclusions about willful misconduct, so defined, and about drinking that results from alcohol dependence. It is enough to say here that the Board made no findings about whether Mr. Martin engaged in abusive drinking, whether it was willful misconduct if so, and how any such willful misconduct related to the rehabilitation failure for which he was discharged.

Such findings are needed because we have been presented no basis for concluding that drinking alcohol, even for a person dependent on alcohol, is always willful misconduct under the governing standard, regardless of circumstances. Long ago, in an August 13, 1964 VA Administrator's Decision No. 988 (entitled "Interpretation of the Term 'Willful Misconduct' As Related to the Residuals of Chronic Alcoholism"), the VA addressed a number of alcoholism-related issues, drawing conclusions, for the time, that point in different directions for different issues. *See Allen v. Principi*, 237 F.3d 1368, 1379, *reh'g denied*, 268 F.3d 1340 (Fed. Cir. 2001) (discussing Decision No. 988); *see also Traynor v. Turnage*, 485 U.S. 535, 546-47 (1988) (discussing Decision No. 988 and related VA policies).[3] One statement was that alcohol dependence can

---

[3] Congress swiftly overturned the specific result in *Traynor*, which had upheld the VA's conclusion that an alcoholism-caused disability was the result of "willful misconduct" and thereby provided no basis for extending the usual 10-year period for using education benefits. On November 18, 1988, Congress amended 38 U.S.C. § 105(c) to say that, for that purpose, "the disabling effects of chronic alcoholism shall not be considered to be the result of willful misconduct." *See* S. Rep. No. 100-439, at 96

"develop[] to a point where it is irreversible without professional help" and "[a]t such time, the person by himself, may lack the capacity to avoid the continued use of alcohol." Amicus App. 21. A similar point may be implicit in an Army regulation authorizing separation for "*inability*" to "participate in, cooperate in, or successfully complete" a rehabilitation program. Army Reg. 635-200, § 9-2 (Sept. 6, 2011) (emphasis added).

Because of the prevalence of alcohol-related problems, there are numerous disciplined studies and analyses, and institutions such as the National Institute on Alcohol Abuse and Alcoholism, devoted to advancing the under-standing of alcohol dependence and its relations to other disorders and to continued use of alcohol. *See Traynor*, 485 U.S. at 550-51; *id.* at 562-64 (Blackmun, J., concur-ring in part, dissenting in part) (discussing literature as of 1988, directly and as described in amicus briefs). How the soundest assessments relate to the statutory standard of willfulness, generally or in this case, is not for us to say here. But the question must be answered to rule on Mr. Martin's claim to education benefits. It cannot be passed over by the Secretary and the Board without fuller and more careful analysis than we have seen.

Ultimately, the question is a statutory one. It is sig-nificant, therefore, that Congress has taken action indi-cating that alcohol abuse and willful misconduct (as Congress has used the phrase) are not coextensive. Three veterans' disability statutes, 38 U.S.C. §§ 105(a), 1110, and 1131, deny a veteran compensation for any injury or disease that resulted from the veteran's "own willful misconduct *or* abuse of alcohol or drugs." (Emphasis added.) Congress added the "or abuse of alcohol or drugs"

---

(1988) ("The effect of the Committee bill would be, in part, to overturn the result in the case of *Traynor v. Turnage*."). *See also* 38 C.F.R. §§ 21.7020(b)(38), 21.7051(a)(2).

phrase to the pre-existing "willful misconduct" language in those three statutes on November 5, 1990—itself suggesting that not all abuse of alcohol already constituted willful misconduct. Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, § 8052(a), 104 Stat. 1388, 1388-351 (Nov. 5, 1990). Moreover, on the same day, Congress introduced what is now the "willful misconduct" language into the provision at issue here, 38 U.S.C. § 3011(a)(1)(A)(ii). National Defense Authorization Act for Fiscal Year 1991, Pub. L. 101-510, § 562(a)(1), 104 Stat. 1485, 1574 (Nov. 5, 1990). Congress did not include in this statute the "or abuse of alcohol or drugs" clause it was adding the same day to other statutes. The contrast underscores that alcohol abuse does not always constitute willful misconduct for purposes of denying basic education-assistance benefits.

## CONCLUSION

Because "alcohol rehabilitation failure," and even alcohol dependence and acts resulting from alcohol dependence, cannot be characterized as being or resulting from willful misconduct in every case, and the Board made no findings pertinent to this particular case, the decision below must be vacated, and the case remanded. If the Secretary continues to deny benefits, the Board, following appropriate procedures for needed record development, should make further factual findings. In that process, it should ensure consistency between assertions or findings made in this proceeding and those made in disability or other proceedings involving Mr. Martin.

**VACATED AND REMANDED**