NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY WALTER WILBANKS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1691

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4818, Judge Scott Laurer.

---

Decided: December 9, 2025

---

JERRY WALTER WILBANKS, Dallas, TX, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Jerry Wilbanks enlisted in the Army National Guard and, for several short periods between 1966 and 1971, served on active duty and active duty for training. Respondent's Supplemental Appendix (S. Appx.) 15–17. Many years later, he sought disability benefits from the Department of Veterans Affairs (VA), asserting service-connected disabilities associated with herbicide exposure in Vietnam or Cambodia. S. Appx. 12. VA's Board of Veterans' Appeals (Board) denied the claim, and that denial was affirmed by the United States Court of Veterans Claims (Veterans Court). *See Wilbanks v. McDonough*, No. 23-4818, 2024 WL 4849015 (Vet. App. Nov. 21, 2024) (*2024 Decision*). Mr. Wilbanks appeals. We dismiss the appeal for lack of jurisdiction.

I

Mr. Wilbanks served in the Army National Guard on various occasions between 1966 and 1971. S. Appx. 15–17. His Certificate of Release or Discharge from Active Duty Form (DD 214) indicates that he served on active duty for training from April 1967 to September 1967 at Fort Sill in Oklahoma. S. Appx. 15, 24. Other records show that Mr. Wilbanks served on active duty or active duty for training for the following additional periods: (1) July 17, 1966 to July 31, 1966; (2) April 26, 1967 to September 19, 1967; (3) June 23, 1968 to July 7, 1968; (4) June 22, 1969 to July 6, 1969; (5) June 7, 1970 to June 21, 1970; and (6) June 20, 1971 to July 4, 1971. S. Appx. 24. No location of service is listed for those periods of service. *Id.*

In 2014, Mr. Wilbanks filed with VA a claim for benefits for a service-connected disability, a claim resting on the assertion that he served in Vietnam and Cambodia at certain times and was therefore exposed to certain herbicides. *2024 Decision*, at *2; S. Appx. 23. In the proceedings, Mr. Wilbanks contended that sometime in 1966 or 1967, he was flown to Vietnam briefly while en route to and from a

classified mission in Cambodia.  S. Appx. 12.  On that basis, he invoked a regulatory provision under which veterans who served in Vietnam between January 9, 1962 and May 7, 1975, or in specific regions of Cambodia between April 16 and 30, 1969, are afforded the presumption of exposure to herbicide agents known for causing a variety of chronic illnesses.  S. Appx. 23; *see* 38 C.F.R. § 3.309.

Over the course of several years, the Board ordered factual investigations into Mr. Wilbanks's assertion about his service.  In June 2020, the Board ordered the relevant VA regional office to obtain "complete service personnel records" and verify the accuracy of Mr. Wilbanks's testimony that he served in Vietnam.  *Wilbanks v. McDonough*, No. 17-34495 (Bd. Vet. App. June 24, 2020); S. Appx. 11–14.  The regional office found no records of Mr. Wilbanks having served in Vietnam.  S. Appx. 16.  Then, in October 2022, the Board again ordered more investigation of Mr. Wilbanks's location-of-service assertions, calling attention to certain date ranges and affording Mr. Wilbanks the opportunity to submit statements from service members who might corroborate his assertion that he was part of a classified mission in Vietnam and Cambodia.  *Wilbanks v. McDonough*, No. 17-34495 (Bd. Vet. App. Oct. 26, 2022); S. Appx. 15–18.  After the regional office made its additional inquiries and made findings, the Board in 2023 determined that, because of insufficient evidence supporting Mr. Wilbanks's assertion about service in Vietnam and Cambodia, he was not entitled to a finding of service connection for his claimed disabilities.  *Wilbanks v. McDonough*, No. 17-34495 (Bd. Vet. App. June 7, 2023); S. Appx. 20–29.

Mr. Wilbanks appealed the Board's 2023 decision to the Veterans Court.  *2024 Decision*, at *1.  The Veterans Court affirmed the Board's decision, holding that Mr. Wilbanks failed to show that the Board clearly erred in its determination.  *Id.*  The Veterans Court also held that Mr. Wilbanks had not shown harmful error based on his allegation that the Board provided inadequate reasons or bases for its

decision. *2024 Decision*, at \*3. The Veterans Court entered judgment on February 19, 2025, and Mr. Wilbanks timely appealed. S. Appx. 9.

## II

Our authority to review decisions of the Veterans Court is statutorily limited. *See Perciavalle v. McDonough*, 101 F.4th 829, 835 (Fed. Cir. 2024). We have the authority to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We have jurisdiction to determine "whether a Veterans Court decision may have rested on an incorrect rule of law," but not whether the Veterans Court made incorrect factual determinations. *Martin v. McDonald*, 761 F.3d 1366, 1369 (Fed. Cir. 2014) (citing *Colantonio v. Shinseki*, 606 F.3d 1378 (Fed. Cir. 2010)); *Perciavalle*, 101 F.4th at 835.

On appeal, Mr. Wilbanks does not make any constitutional, statutory, or other legal arguments. *See* Informal Opening Br. at 1–2. Instead, Mr. Wilbanks simply asks us to reverse the Veterans Court's decision and award him benefits based on the established record. *Id.* at 3. To support this request, he asserts that the Veterans Court "failed due diligence in all issues," which led the Veterans Court to conclude incorrectly that his disability claims were not service connected. *Id.* at 2. He further argues that DD 214 forms recorded "during the Vietnam era" have errors, implying that his DD 214 form erroneously omitted a description of his service in Vietnam and Cambodia. *Id.*

Those assertions amount to challenges to the Veterans Court's factual findings. It is not within our jurisdiction to

review whether the Veterans Court incorrectly found, from the facts of record, that Mr. Wilbanks's disabilities have no service connection.  *See* 38 U.S.C. § 7292(d)(2).

III

For the foregoing reasons, we dismiss Mr. Wilbanks's appeal from the Veterans Court's decision.

The parties shall bear their own costs.

**DISMISSED**