# United States Court of Appeals for the Federal Circuit

---

**HOA T. JANICH,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1944

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5960, Judge Joseph L. Toth.

---

Decided: March 5, 2026

---

APRIL DONAHOWER, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by AMY F. ODOM, ZACHARY STOLZ.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, TARANTO, and STARK, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Steven Janich was a veteran of the United States Army. In connection with a claim to the Department of Veterans Affairs (VA) for disability compensation under 38 U.S.C. ch. 11 based on service-connected post-traumatic stress disorder (PTSD), Mr. Janich sought to qualify as totally disabled based on individual unemployability (TDIU) under 38 C.F.R. § 4.16. VA's Board of Veterans' Appeals (Board) denied his claim for TDIU classification, determining that he was physically and mentally capable of doing certain types of jobs, and it provided three illustrative examples of such jobs. The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board's denial. *Janich v. McDonough*, No. 22-5960, 2024 WL 1003543 (Vet. App. Mar. 8, 2024) (*Decision*).

Mr. Janich appealed to us, and after he died, his widow, Hoa Janich, was substituted for Mr. Janich as the appellant. We conclude that the Veterans Court may have committed legal error in one aspect of its opinion. We therefore vacate the Veterans Court's decision and remand for further proceedings.

I

Mr. Janich served in the Army in Vietnam between 1969 and 1972. Following his war-time service, he held several positions in construction consulting before retiring in June 2013. In March 2014, Mr. Janich filed a claim with VA for service-connected disability compensation based on PTSD, which he was granted with an effective date of March 2013. J.A. 55; J.A. 124; *see* 38 U.S.C. § 1110. Under the "schedule of ratings" adopted pursuant to 38 U.S.C. § 1155, he was initially rated 10 percent disabled, but after multiple appeals, his rating was increased in August 2019 to 50 percent. J.A. 55; J.A. 125–26.

In February 2021, Mr. Janich filed a claim for TDIU status, beyond the "schedular" ratings, based on his

service-connected PTSD.  J.A. 42–45; J.A. 66, 69; *see also* J.A. 27–41; J.A. 46–48 (supplemental materials later submitted).  He invoked 38 C.F.R. § 4.16.  J.A. 66.  He sought a "total disability" rating, *i.e.*, a 100 percent rating, under that section.  38 C.F.R. §§ 4.16, 3.340(a)(1) (defining total disability); *Smith v. Shinseki*, 647 F.3d 1380, 1382 (Fed. Cir. 2011).

Section 4.16(a) applies to veterans with certain levels of schedule-based ratings and requires that the disabled veteran be "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." 38 C.F.R. § 4.16(a).  The subsection also provides that "[m]arginal employment shall not be considered substantially gainful employment," further specifying that "marginal employment generally shall be deemed to exist when a veteran's earned annual income does not exceed the" federally established "poverty threshold for one person."  *Id.* It adds that a finding of "marginal employment" is possible, depending on the facts, even if annual income exceeds the poverty threshold.  *Id.*  Section 4.16(b) provides for TDIU ratings if the veteran is "unable to secure and follow a substantially gainful occupation by reason of [a] service-connected disabilit[y]" even when the veteran does not have the subsection (a) schedule-based ratings.  *Id.* § 4.16(b). The "substantially gainful occupation" element is shared by the two subsections, and the government has not disputed that subsection (a)'s elaboration of that element in terms of marginal employment and the poverty threshold requirement applies to subsection (b).  *See Delrio v. Wilkie*, 32 Vet. App. 232, 244 n.4 (2019); *Cantrell v. Shulkin*, 28 Vet. App. 382, 388 n.5 (2017).

Mr. Janich's TDIU claim is a claim under § 4.16(b). J.A. 65–66.  The Board referred his claim to VA's Director of Compensation Services.  J.A. 82–87.  In April 2022, the Director denied the claim, reasoning that technological advances have increased opportunities for the disabled, including opportunities that do not require much social

interaction (relevant to Mr. Janich because of his PTSD). J.A. 79–80.

In September 2022, the Board, as relevant here, denied Mr. Janich's TDIU claim. J.A. 49, 66–73. The Board found that Mr. Janich's education, training, skills, and work history (including his apprenticeship in plumbing and pipefitting and one year of college education) reflected "a capacity for learning, training, and adaptability" that "would facilitate a return to substantially gainful employment in a suitable occupation." J.A. 70. After reviewing Mr. Janich's treatment reports since filing for compensation based on PTSD, the Board observed that Mr. Janich was generally cooperative and fully oriented and had intact cognitive functioning, and it found that "[a]s it relates to mental capabilities, the record shows [Mr. Janich] to be capable of performing substantially gainful employment." *Id.* The Board also found, as to "physical capabilities," that the record reflects no physical limitations associated with Mr. Janich's PTSD and "the evidence supports a finding that [he wa]s physically capable of performing substantially gainful employment." J.A. 71. The Board then found that Mr. Janich's PTSD "c[ould] be accommodated by restricting [him] from work that required frequent social interaction with the general public" and, relatedly, that he "[wa]s limited to occupations that c[ould] be performed independently without the need for constant supervision." *Id.* For that reason, "the weight of the evidence shows that [he wa]s mentally capable of performing substantially gainful employment." *Id.*

The Board then added: "Additionally, [Mr. Janich] [wa]s capable of occupations such as a warehouse worker, assembly line worker, or custodian, which are positions that would involve repetitive tasks without significant social interaction, such as a packer and sorter at a warehouse or a custodian at an office building," and which "could be performed largely independently without the need for constant supervision" or "constant communication with

others." *Id.* "These examples," the Board stated, "are not exhaustive but are merely illustrative of potential occupations that [Mr. Janich] could perform." *Id.*

Mr. Janich appealed to the Veterans Court, which affirmed the Board on March 8, 2024. *Decision*, at *8. As relevant, Mr. Janich argued that the Board lacked necessary concrete evidentiary support for what amounted to "'core factual findings'"—that the three specifically identified jobs had the features on which the Board relied to find that he could do those jobs. J.A. 148–49 (quoting *In re Zurko*, 258 F.3d 1379, 1386 (Fed. Cir. 2001)). In a passage quoted in full *infra*, the Veterans Court determined that the Board did not commit "remandable error even if it failed to support its findings about what jobs involve limited social interaction and c[ould] be performed by Mr. Janich." *Decision*, at *7. The Veterans Court reasoned that "the Board had no duty to identify actual jobs in the market that Mr. Janich could perform," because under *Smith*, 647 F.3d at 1384, "a TDIU determination [under 38 C.F.R. § 4.16] does not require any analysis of the actual opportunities available in the job market." *Decision*, at *7. The Veterans Court added that the Board "'supplied the required assessment'" when it found that Mr. Janich "'ha[d] the physical and mental ability to perform tasks with limited interactions with others.'" *Id.* at *8 (quoting Secretary's brief).

Mr. Janich subsequently moved for reconsideration, J.A. 15–20, but without a response from the Secretary, the Veterans Court denied the motion. J.A. 1, 15, 25.

Mr. Janich timely appealed. After he died, we granted Ms. Janich's motion to be substituted as the appellant.

## II

In a case like this, which involves no constitutional issues, our jurisdiction is limited to reviewing legal determinations expressly or implicitly made by the Veterans

Court.  *See* 38 U.S.C. § 7292(a), (d); *Smith v. Collins*, 130 F.4th 1337, 1343–44 (Fed. Cir. 2025).  Ms. Janich advances what we view as two assertions of legal error in the Veterans Court's decision.

A

Ms. Janich asserts, in essence, that the Veterans Court ruled that the "substantially gainful occupation" element of 38 C.F.R. § 4.16 is always satisfied by a Board finding of the veteran's physical and mental capabilities to perform various tasks, and to do work involving such tasks, without regard to whether the work enabled by the veteran's capabilities would be "substantially gainful," which excludes "[m]arginal employment," such as employment that produces annual income no higher than the official "poverty threshold for one person."  *See* 38 C.F.R. § 4.16(a).  Such a ruling as to the immateriality of the level of pay of the jobs enabled by the veteran's capabilities, if rendered by the Veterans Court, would involve a legal proposition.  That legal proposition, we note, is one that the Secretary does not defend on its merits.

We do not adjudicate the merits of that issue.  It suffices to say that the Veterans Court's opinion contains no such ruling, expressly or implicitly.  The absence of such a ruling by the Veterans Court in this case reflects the fact that Mr. Janich did not meaningfully and timely present to the Veterans Court an argument about the inadequate level of pay of jobs he was able to do, but instead argued about lack of evidence that the jobs had the characteristics required in order for him to be able to do them.[1]  The

---

[1]    Mr. Janich, who had counsel throughout the Veterans Court proceedings, referred to the level of pay in one sentence in the summary-of-the-argument section of his brief to the Veterans Court, J.A. 129, but in the argument section of the brief, he made no argument at all that the

Veteran's Court therefore did not have occasion to consider the issue Ms. Janich now presses. *See Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc) ("[O]ur consideration of issues not decided by or raised before the Court of Appeals for Veterans Claims must be carefully restricted."). In these circumstances, we do not address Ms. Janich's level-of-pay contention.

B

Ms. Janich separately contends that the Veterans Court committed legal error in its treatment of Mr. Janich's challenge to the Board's recitation of three individual jobs as illustrative of the kind of employment of which he was capable despite his social-interaction difficulties. *Decision*, at *7. In this challenge, Mr. Janich asserted, as the Veterans Court said, that "[t]he Board had no foundation for concluding that the jobs it identified would have limited social interactions because it 'did not provide any evidence'" for that conclusion. *Id.* (quoting J.A. 148). Specifically, Mr. Janich argued that, "'[w]hen making "core factual findings," the Board "must point to some concrete evidence in the record in support of these findings."'" *Id.* (quoting J.A. 148 (itself quoting *Zurko*, 258 F.3d at

---

Board lacked evidence that the identified jobs were insufficiently remunerative, focusing instead on other asserted problems with the Board's decision, J.A. 130–51. Mr. Janich did raise a level-of-pay issue when seeking reconsideration before the Veterans Court under that Court's Rule 35(a)(1), J.A. 18–20, which was summarily denied. We see no basis for inferring a merits ruling on that new argument, given the Veterans Court's strong background principle that "the [Veterans] Court deems challenges not raised in an opening brief forfeited." *Van Dermark v. McDonough*, 34 Vet. App. 204, 210 (2021); *see Pederson v. McDonald*, 27 Vet. App. 276, 283 (2015) (en banc).

1386)).  The Veterans Court rejected the challenge on the ground of harmless error, stating:

> However, the appellant's reliance on *Zurko* does not demonstrate that the Board committed remandable error even if it failed to support its findings about what jobs involve limited social interaction and can be performed by Mr. Janich. "[A] TDIU determination does not require any analysis of the actual opportunities available in the job market." *Smith v. Shinseki*, 647 F.3d 1380, 1385 (Fed. Cir. 2011).  Because the Board had no duty to identify actual jobs in the market that Mr. Janich could perform, any error it made in doing so was harmless.  *See* 38 U.S.C. § 7261(b)(2) (the Court must carefully consider the rule of prejudicial error); *Simmons v. Wilkie*, 30 Vet. App. 267, 280 (2018) (the Court's assessment of prejudicial error asks if the result would be different if an error did not occur).  As the Secretary says:

> > Ultimately, the Board is only required to assess Appellant's educational and occupation history, skills, training, and whether he has the physical and mental ability to perform tasks required by an occupation. *Ray* [*v. Wilkie*], 31 Vet. App. [58,] 73 [(2019)].  Given that the Board found that Appellant ha[d] the physical and mental ability to perform tasks with limited interactions with others, [J.A. 70–71], it supplied the required assessment, and this finding is not clearly erroneous given its plausible nature.

> Secretary's Br. [to Veterans Court] at 28.

*Id.* at *7–8 (alterations in original except the last three).

Ms. Janich argues that this harmless-error analysis rests on legal error. We have jurisdiction "to determine whether a Veterans Court decision may have rested on an incorrect rule of law." *Acree v. O'Rourke*, 891 F.3d 1009, 1015 (Fed. Cir. 2018) (quoting *Martin v. McDonald*, 761 F.3d 1366, 1369 (Fed. Cir. 2014)); *see Colantonio v. Shinseki*, 606 F.3d 1378, 1382 (Fed. Cir. 2010). We conclude that the Veterans Court may have relied on legal error in its determination of harmless error.

First, as Ms. Janich contends, the Veterans Court appears to have overread our decision in *Smith*, 647 F.3d 1380. In *Smith*, we held that VA is not "required"—"in all cases," "always," "as a matter of course," or "invariably"— to supply a vocational expert and/or an industry survey on the availability in the marketplace of jobs relevant to the TDIU inquiry under 38 C.F.R. § 4.16. 647 F.3d at 1383–86. We distinguished the issue of whether a job paid enough from the issue of its availability in the market. *Id.* at 1384. We did not rule that the Board, in finding no TDIU, does not ever have to identify and rely on particular jobs a veteran is capable of performing or that, if it does so, it need not have concrete proof of the jobs' characteristics that allow the veteran to do them. *Smith* does not make any error the Board committed here regarding concrete proof harmless.

Second, the Veterans Court's reasoning appears to state a rigid rule inconsistent with the flexible, record-dependent standard governing harmless-error determinations, which the relevant court (here the Veterans Court) makes by asking whether a particular error was sufficiently likely to have made no difference to the outcome in the court under review and answering that question without making findings of fact the reviewing court is not authorized to make itself. *See Shinseki v. Sanders*, 556 U.S. 396, 411–12 (2009); *Tadlock v. McDonough*, 5 F.4th 1327, 1337–38 (Fed. Cir. 2021). In the TDIU setting, that inquiry is not necessarily complete before identifying particular

jobs and making findings about them, even accepting that, in *some* cases, no more may be "required" of the TDIU evaluation than assessing history, capabilities, skills, and training. *Decision*, at \*8 (citing *Ray*, 31 Vet. App. at 73).[2] As a logical matter, the Board may find that a veteran can perform certain tasks based on the veteran's physical and mental capabilities (based partly on the veteran's education, occupation history, training, and medical-treatment reports), without yet reaching a determination whether the veteran is able to secure and follow a substantially gainful occupation. In such circumstances, the Board's identification of a particular occupation may be an important basis for the Board's crucial finding of fact about the veteran's capability of the required employment.

Here, the Veterans Court did not state that the Board reached its conclusion about whether Mr. Janich was unable to secure and follow a substantially gainful occupation independently of any finding about the illustrative examples. Without a determination about the role the Board's finding about the illustrative examples played in the Board's overall TDIU denial, it appears to be impossible to say that, if the underlying finding cannot stand for lack of concrete evidentiary support, the Board's error was harmless. The Veterans Court's determination of harmlessness appears to rest on legal error, as explained here. The Veterans Court must revisit the challenge to the Board's treatment of the illustrative examples.

---

[2] *Ray* itself notes that "§ 4.16(b) includes an economic component: a veteran's income must be lower than the Federal poverty threshold." 31 Vet. App. at 72 (footnote omitted). We do not read *Ray* to say, as to the economic or non-economic component, that identification of particular jobs may never be important to the Board's factual inquiry.

### III

We vacate the Veterans Court's decision and remand for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**VACATED AND REMANDED**