Citation Nr: 1714091 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 11-01 466 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for a right knee disability, to include as secondary to service-connected left knee disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Amanda Baker, Associate Counsel

INTRODUCTION

The Veteran had active military service from June 1970 to June 1973 and from July
1973 to May 1985.

This case initially came before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA)
Regional Office (RO) in Winston-Salem, North Carolina. During the pendency of the appeal, the case was transferred to the RO in Jackson, Mississippi.

In February 2013, the Veteran testified before the undersigned at a videoconference hearing. A transcript of that hearing is of record.

In June 2014 and April 2016, the Board remanded the claim on appeal to the agency of original jurisdiction (AOJ) for further development. For the reasons indicated below the Board finds that remand instructions have been substantially complied with. See Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders); Donnellan v. Shinseki, 24 Vet. App. 167, 176 (2010) ("It is substantial compliance, not absolute compliance, that is required" under Stegall).

The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS).


FINDING OF FACT

A right knee disability did not manifest during service, within the one year presumptive period or for many years thereafter, is unrelated to service, and is neither caused nor aggravated by service-connected left knee disorder.




CONCLUSION OF LAW

The criteria for establishing service connection for a right knee disability have not been met on a secondary or other basis. 38 U.S.C.A. §§ 1101, 1110, 1112, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.310 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016).

The RO's February 2009 and October 2009 notice letters advised the Veteran of the foregoing elements of the notice requirements. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). Under these circumstances, the Board finds that the notification requirements of the VCAA have been satisfied.

The Board also finds that there has been compliance with the assistance provisions set forth in the law and regulations. The Veteran's service treatment records are associated with the claims folder, as well as all VA and private treatment records identified by the Veteran and Social Security records. The Veteran has not identified any additional relevant, outstanding records that need to be obtained before deciding his claim. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. See 38 U.S.C.A. § 5103A(d); see also 38 C.F.R. § 3.159(c)(4) (2016).

VA also satisfied its duty obtain a medical opinion when required. See 38 U.S.C.A. § 5103A(d) (West 2014); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). In June 2014 and April 2016 the Board remanded the claims to obtain VA opinions and outstanding treatment records. In May 2016, the RO requested outstanding treatment records from Eisenhower Army Medical Center. Such VA treatment records were associated with the claims file. The AOJ subsequently requested an addendum to the prior VA examination in June 2016. For the reasons below, the Board finds the June 2016 addendum opinion adequate, and therefore the remand orders were fully complied with. See Stegall, 11 Vet. App. at 271. Thus, VA satisfied its duty to obtain a medical opinion in this case.

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the Veteran in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016).

II. Service Connection 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). In order to prevail on the issue of service connection for any particular disability on a direct incurrence basis, there must be evidence of a current disability; evidence of in-service occurrence or aggravation of a disease or injury; and medical evidence, or in certain circumstances, lay evidence, of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board"); Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). Service connection may also be granted for a disability that is proximately due to, the result of, or aggravated by a service-connected disability. See 38 C.F.R. § 3.310(a), (b) (2016).
 
In addition, certain chronic diseases, including arthritis, may be presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from active service. 38 U.S.C.A. § 1112 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2016). The option of establishing service connection through a demonstration of chronicity or continuity of symptomatology under 38 C.F.R. § 3.303(b) rather than through a finding of nexus is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (rejecting the argument that continuity of symptomatology in § 3.303(b) has any role other than to afford an alternative route to service connection for specific chronic diseases). Arthritis is one such disease. Where a chronic disease is noted in service or during the presumptive period but chronicity is not adequately supported, a showing of continuity of symptomatology after discharge is required to support the claim. 38 C.F.R. § 3.303(b). In addition, service connection may be granted for any disease diagnosed after service when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2016).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value.

The Veteran claims that he has a right knee disability directly related to service. At the February 2013 hearing, he reported having a right knee disability in and since service. In the alternative, he claims that his right knee disability is secondary to service-connected left knee disorder. See September 2016 Correspondence. The claims file also contains lay statements, to include from the Veteran's wife, reiterating these claims. 

In June 2014, the Board granted service connection for status-post left knee replacement with scar and residual pain. In a July 2014 rating decision, the RO assigned a staged rating for the left knee disability, currently rated 30 percent disabling. To this regard, the Board notes that in 2009 the Veteran had partial left knee replacement and in March 2010 he had total left knee replacement. 

Service treatment records show some complaints of right knee pain. In reference to his first period of service, his January 1973 separation examination showed no complaints of a right knee condition. A clinical evaluation of the lower extremities was normal. During the Veteran's second period of service, in September 1977 he complained of pulling a muscle in his right leg. In February 1979 he complained of having right knee pain for three days. In a May 1985 report of medical history, the Veteran did not complain of a right knee condition. A clinical evaluation of his lower extremities was abnormal with respect to the left side, but there were no right side findings.

Post-service VA treatment records document complaints of right knee pain. January 2009 treatment records indicate a past medical history of bilateral knee arthritis. April 2009 treatment records note that the Veteran ambulates with a cane. 

In January 2010 the Veteran was afforded a VA examination. He claimed right knee pain since service. On physical examination, right knee range of motion, including repetitive, was normal. Based on x-rays of the right knee, a diagnosis of degenerative arthritis of right knee joint was provided. The examiner indicated review of the claims file and concluded that the current right knee disability is not caused by an injury or disease in service. As rationale, the examiner stated that service treatment records do not document a right knee condition during service.

Security Administration (SSA) records show the use of a cane since 2008, and complaints of right knee pain since June 2012. Specifically, in a March 2011 SSA record the Veteran reported the use of a cane since 2008. 

Additional post-service VA treatment records document complaints of right knee pain. A June 2012 treatment record shows complaints of right knee pain and a diagnosis of knee arthralgia. In March 2014, a diagnosis of right knee pain was provided. October 2014 treatment records document increased complaints of knee pain. February 2015 knee x-rays show a stable right knee with persistent mild degenerative changes.

The Veteran was afforded a VA examination in February 2015. He reported right knee pain that increased after a 2010 left knee replacement surgery. Based on the physical examination and a review of service treatment records, the examiner opined that it was less likely than not (less than 50 percent probability) that the current right knee disability incurred in service. As rationale, the examiner stated that although the Veteran received treatment for right knee pain in 1979 and 1983, he did not complain of right knee pain again until September 2014. The examiner noted that the Veteran's right knee pain could be aggravated by his left knee disability due to an altered gait. 

In a June 2015 addendum, a VA examiner opined that it is less likely than not (less than 50 percent probability) that the Veteran's current right knee disability was caused or aggravated by the service-connected left knee disability. As rationale, the examiner stated that the record did not show ongoing complaints of right knee pain until 2014, four years after the 2010 left knee surgery, which makes it less likely that right knee pain and a limp could be related to the service-connected left knee disability. The Board found the February 2015 and June 2015 opinions inadequate as to the secondary service connection theory because they did not consider use of a cane since 2008 and complaints of right knee pain since 2012.

In a June 2016 addendum, a diagnosis of right knee degenerative joint disease shown on x-ray was noted. Based on a review of the claims file and medical literature, a VA examiner opined that it is less likely than not (less than 50 percent probability) that the Veteran's current right knee disability was caused or aggravated by his service-connected left knee disorder. As rationale, the examiner noted a history of left knee degenerative arthritis, including 2009 partial knee replacement and 2010 total knee replacement procedures; however, post-service the Veteran did not complain of right knee pain until June 2012, two years after the 2010 left total knee replacement procedure. At this time the Veteran was 62 years old and subsequent treatment records show an increase in weight gain. In reference to the use of a cane since 2008, the examiner explained that the use of a cane correctly would decrease weight on lower body joints. Emphasizing medical literature, the examiner attributed the current right knee disability to the natural aging process, employment history of manual labor, and obesity. 

The Board finds that the June 2016 medical opinion indicating a lack of a relationship, to include on an aggravation basis, between the Veteran's current right knee disability and service-connected left knee disorder is of significant probative value. This opinion was thorough and the examiner explained the reasons for his conclusions based on an accurate characterization of the evidence of records, and is therefore entitled to significant probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning); Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). 

The Board has also considered the lay assertions of record, including the contentions of the Veteran and third party statements in support of a nexus. Lay witnesses are competent to opine as to some matters of diagnosis and etiology, and the Board must determine on a case by case basis whether a veteran's particular disability is the type of disability for which lay evidence is competent. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). In this case, the Veteran's testimony as to the etiology of his right knee disability is testimony as to an internal medical process which extends beyond an immediately observable cause-and-effect relationship that is of the type that the courts have found to be beyond the competence of lay witnesses. Compare Jandreau, 492 F.3d at 1376 (lay witness capable of diagnosing dislocated shoulder); Barr v. Nicholson, 21 Vet. App. 303, 308-9 (2007); Falzone v. Brown, 8 Vet. App. 398, 403 (1995) (lay person competent to testify to pain and visible flatness of his feet); with Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) ("It is generally the province of medical professionals to diagnose or label a mental condition, not the claimant"); Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (unlike varicose veins or a dislocated shoulder, rheumatic fever is not a condition capable of lay diagnosis); Jandreau, 492 F.3d at 1377, n.4 ("sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer"). See also Colantonio v. Shinseki, 606 F.3d 1378, 1382 (Fed. Cir.2010) (recognizing that in some cases lay testimony "falls short" in proving an issue that requires expert medical knowledge). To the extent that the Veteran is competent to opine on these questions, the Board finds that the specific, reasoned opinion of the June 2016 VA examiner is of greater probative weight than the Veteran's more general lay assertions, to include those relating to continuity of symptomatology.

To the extent that a theory of entitlement to service connection on a direct basis has been raised with regard to the claimed disabilities, the evidence weighs against the claims. The normal separation examination reports, lack of report of right knee pain or arthritis until 2009, and the negative January 2010 and February 2015 nexus opinions all weigh against this theory. Although the most recent February 2015 VA examiner referenced the lack of complaints or treatment in service, reading the opinion as a whole and in the context of the evidence of record, this was not the sole basis for his opinion. Cf. Buchanan v. Nicholson, 451 F.3d 1331, 1336 n. 1 (Fed. Cir. 2006) (noting that VA's examiner's opinion, which relied on the absence of contemporaneous medical evidence, "failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran's] disability such that his claim for service connection could be proven without contemporaneous medical evidence"). Rather, the examiner found that the combination of the lack of complaints or treatment in service, along with the other medical evidence indicating a later onset of the right knee disability, reflected a lack of relationship between the disability and service. Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record). Moreover, in its April 2016 remand, the Board found this opinion inadequate as to the secondary service connection theory but not the direct service connection theory.

Finally in this regard, the above evidence reflects that a chronic disease was not noted in service such that 38 C.F.R. § 3.303(b) would be for application, and a chronic disease did not manifest within the one year presumptive period pursuant to 38 U.S.C.A. § 1112(a) and 38 C.F.R. §§ 3.307(a) and 3.309(a). A right knee disability was first noted in 2009 treatment records showing bilateral knee arthritis. 

For the foregoing reasons, the preponderance of the evidence is against the Veteran's claims for service connection a right knee disability. Accordingly, the benefit of the doubt doctrine is not for application. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Entitlement to service connection for a right knee disability, to include as secondary to service-connected left knee disorder, is denied.



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs